UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNA WOODS,

       Plaintiff,

v.                                 CASE NO. 3:17-cv-1347-J-34MCR

THE UNITED STATES OF AMERICA,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss

("Motion") (Doc. 14) and Plaintiff's Memorandum of Law in Opposition thereto

("Opposition") (Doc. 16).  For the reasons stated herein, the undersigned

respectfully **RECOMMENDS** that the Motion be **DENIED**.

### I.    Introduction

On December 4, 2017, Plaintiff, Donna Woods, initiated this action by filing

a Complaint and Demand for Jury Trial ("Complaint"), alleging negligence against

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

Defendant, the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, and 2671-2680.  (Doc. 1.)  Plaintiff seeks damages for her alleged injuries sustained on April 16, 2015 while at the Marine Corps Recruiting Depot Parris Island ("Parris Island").  (*Id.* at 1, 2.)

On May 9, 2018, Defendant filed the present Motion, seeking dismissal of the Complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and failure to state a claim on which relief may be granted under Fed.R.Civ.P. 12(b)(6).  (Doc. 14.)  Plaintiff responded to the Motion on May 22, 2018.  (Doc. 16.)  On October 4, 2018, the Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.  (Doc. 25.)

## II.    Plaintiff's Allegations

Plaintiff alleges that on April 16, 2015, while at Parris Island (a property owned and controlled by Defendant[2]), she "suffered significant injuries, including a 20-cm long laceration and a fracture of the tibia" when she "stepped into a concrete hole on the ground."  (Doc. 1 at 1, 2.)  The hole was allegedly filled with water, "was the result of a missing bollard post," and "was not marked or roped off."  (*Id.* at 2.)  Plaintiff alleges that she had been invited to Parris Island to attend the graduation of a close family friend's son, and the incident happened while she took the opportunity to "walk the grounds and see the famous Iwo Jima

---

[2] The address of the property is 283 Blvd. De France, Parris Island, South Carolina 29905.  (Doc. 1 at 5.)

2

monument, a known attraction for visitors." (*Id.*)

Additional details are provided in the Executive Summary of Plaintiff's

claim, which was submitted with Plaintiff's Confidential Demand Letter of

December 13, 2016 and was attached to the Complaint:

> This claim arises out of an incident that occurred on April 16, 2015
> located [sic] at Parris Island, South Carolina at approximately 2:40
> p.m. in the afternoon. [Plaintiff] had been visiting the Iwo Jima
> Monument when she slipped and fell backwards into a concrete hole
> filled with water where a bollard post was missing.  It is our position
> that the United States Navy owed [Plaintiff], a Business Invitee, [a
> duty] to warn of (or even better correct) dangers, such as this hole,
> [of] which the Department of Navy knew or should have known.

(*Id.* at 7.)

In her single-count Complaint for negligence, Plaintiff alleges that the

Government owed her "a duty to maintain its property in a reasonably safe

condition" and "a duty to warn her of dangerous conditions on its property." (*Id.* at

2.)  The Government allegedly breached its duty to Plaintiff by "not filling the hole

created by a missing bollard post, allowing water to accumulate in the hole into

which [Plaintiff] stepped, failing to mark that hazard, and failing to warn [Plaintiff]

of its existence." (*Id.* at 3.)  As a direct and proximate result of the Government's

breach, Plaintiff allegedly suffered injuries and losses that are permanent or

continuing.  (*Id.*)

## III.    Standard

Plaintiff bears the burden of establishing subject matter jurisdiction.  *Sweet*

3

*Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).
A party may attack subject matter jurisdiction under Rule 12(b)(1) by either a
facial attack or a factual attack.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29
(11th Cir. 1990) (per curiam).  "Facial attacks on the complaint require[] the court
merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject
matter jurisdiction, and the allegations in [the] complaint are taken as true for the
purposes of the motion."  *Id.* at 1529 (internal quotation marks omitted).  "On a
facial attack, a plaintiff is afforded safeguards similar to those provided in
opposing a Rule 12(b)(6) motion—the court must consider the allegations of the
complaint to be true."  *Id.*

"Factual attacks, on the other hand, challenge the existence of subject
matter jurisdiction in fact, irrespective of the pleadings, and matters outside the
pleadings, such as testimony and affidavits, are considered."  *Id.* (internal
quotation marks omitted).  With factual attacks, "the trial court is free to weigh the
evidence and satisfy itself as to the existence of its power to hear the case."  *Id.*
Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the
existence of disputed material facts will not preclude the trial court from
evaluating for itself the merits of jurisdictional claims."  *Id.*[3]

---

[3] "Courts have an independent obligation to determine whether subject-matter
jurisdiction exists, even if no party raises the issue, and if the court determines that
subject matter jurisdiction is lacking, it must dismiss the entire case."  *Pueschel v.
United States*, Case No. 3:05-cv-1134-J-34TEM, 2010 WL 11507784, *2 (M.D. Fla.
Sept. 30, 2010) (internal quotation marks omitted) (citing *Trusted Net Media Holdings,*

Without submitting any evidence in support of its Motion, Defendant seems to make a facial attack under Fed.R.Civ.P. 12(b)(1).  Defendant asserts that even if the Court had jurisdiction, South Carolina's Limitation on Liability of Landowners Act, commonly known as the Recreational Use Statute, would preclude Plaintiff from stating a claim for negligence, and, thus, dismissal would be appropriate under Fed.R.Civ.P. 12(b)(6).  (Doc. 14 at 1 n.1.)  "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## IV.    Discussion

"It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued" and "statutory waivers of sovereign immunity 'are to be construed strictly in favor of the sovereign.'" *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999).

> Congress has authorized a limited waiver of sovereign immunity under the FTCA "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

---

*LLC v. The Morrison Agency, Inc.*, 550 F.3d 1035, 1042 (11th Cir. 2008)).

*Id.* at 1378-79 (citing 28 U.S.C. § 1346(b)(1)).

Defendant argues that the United States' waiver of sovereign immunity under the FTCA does not apply under the circumstances alleged in the Complaint in light of the provisions of South Carolina's Recreational Use Statute, S.C. Code § 27-3-10.  To avoid dismissal, Plaintiff must allege facts supporting Defendant's liability in negligence under South Carolina state law, which is a prerequisite to liability under the FTCA.  *See Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (stating that "unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim").  It is undisputed that the law of South Carolina applies, because "the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), is Parris Island, South Carolina.  *See Ochran*, 273 F.3d at 1317 ("'Law of the place' does not mean federal law . . . . Instead, the FTCA was designed 'to provide redress for ordinary torts recognized by state law.'").

In South Carolina, to state a claim for negligence, a plaintiff must allege:

(1) a duty of care owed by defendant to plaintiff;
(2) breach of that duty by a negligent act or omission;
(3) resulting in damages to the plaintiff; and
(4) damages proximately resulted from the breach of duty.

*Bell v. United States*, No. 9:16-1225-RMG, 2017 WL 2216299, *2 (D.S.C. May 19, 2017) (citing *Fettler v. Gentner*, 722 S.E.2d 26, 29 (S.C. Ct. App. 2012)); *see also Hendrix v. Duke Energy Corp.*, No. 2006-UP-022, 2006 WL 7285548, *3

(S.C. Ct. App. 2006) (listing the elements of a negligence cause of action and stating that "[t]he absence of any one of these elements renders the cause of action insufficient").  "The court must determine, as a matter of law, whether the law recognizes a particular duty.  If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law."  *Hendrix*, 2006 WL 7285548 at *3 (internal citations and quotation marks omitted).

Under South Carolina's Recreational Use Statute, "an owner of land owes no duty of care to keep the premises safe for entry or use by persons who have sought and obtained his permission to use it for recreational purposes or to give any warning of a dangerous condition . . . on such premises to such persons entering for such purposes," except as provided in § 27-3-60.[4]  S.C. Code § 27-3-30.  Further:

> Except as specifically recognized by or provided in § 27-3-60, an owner of land who permits without charge any person having sought such permission to use such property for recreational purposes does not thereby:
> (a) Extend any assurance that the premises are safe for any purpose.
> (b) Confer upon such person the legal status of an invitee or licensee

---

[4] Section 27-3-60 provides that liability is not limited for grossly negligent, willful or malicious conduct, or "[f]or injury suffered in any case where the owner of land charges persons who enter or go on the land for the recreational use thereof . . . ."  Defendant notes that Plaintiff did not present a "gross negligence" claim to the Navy through her SF-95. (Doc. 14 at 4 n.6 (citing Doc. 1 at 9 ("[W]e are confident a jury will hold the Department of Navy negligent on a premises liability theory."); Doc. 1-1 ("Personal Injury caused by negligent or wrongful act or omission of any U.S. Government Employee(s).")).)  As to the second exception, Plaintiff does not contend that she was charged for admission.  (*See* Doc. 16 at 2 n.1.)

to whom a duty of care is owed.
(c) Assume responsibility for or incur liability for any injury to person
or property caused by an act of omission of such persons.

S.C. Code § 27-3-40.

"The Recreational Use Statute applies to public property owners like the United States." *Bennett v. United States*, No. 2:16-2645-RMG, 2017 WL 2120043, *2 (D.S.C. May 15, 2017); *see also Kimsey v. City of Myrtle Beach, South Carolina*, 109 F.3d 194, 196 (4th Cir. 1997) (citing *Chrisley v. United States*, 620 F. Supp. 285, 290-93 (D.S.C. 1985), *aff'd*, 791 F.2d 165 (4th Cir. 1986)). The purpose of the Recreational Use Statute "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." S.C. Code § 27-3-10. "'Recreational purpose' includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, summer and winter sports, aviation activities, and *viewing or enjoying historical, archaeological, scenic, or scientific sites*." S.C. Code § 27-3-20(d) (emphasis added).

According to Defendant:

Plaintiff has pled allegations showing that the [Recreational Use Statute] applies. Specifically, Plaintiff has pled that the Defendant is a land owner who "owns and controls Parris Island" – the location in South Carolina at which the injury allegedly occurred. . . . Moreover,

the Complaint shows that Plaintiff was engaging in a "recreational purpose" at the time of the injury. Specifically, Plaintiff alleges that she "was invited to attend the graduation of [a] close family friend's son at Parris Island," and while there, that she "took the opportunity [to] walk the grounds and see the famous Iwo Jima monument, a known attraction for visitors." . . . Because Plaintiff was "viewing or enjoying" a "historical . . . [or] scenic site, she was engaged in a "recreational purpose" to which the [Recreational Use Statute] applies.

(Doc. 14 at 3.) Defendant then states that "[i]n circumstances[,] such as these, [c]ourts have determined that the Defendant is entitled to judgment as a matter of law." (*Id.* at 4.)

Plaintiff responds that the Recreational Use Statute does not apply here, because she was not admitted to Parris Island for a recreational purpose, but to attend an official government event whose purpose was to honor a graduating Marine class. (Doc. 16 at 1-2.) Plaintiff explains that the Recreational Use Statute applies "to people who (1) sought and (2) obtained entry (3) for the purpose of using the land for recreational purposes." (*Id.* at 2.) Plaintiff allegedly "did not seek or receive access to Parris Island for recreational purposes." (*Id.*) Plaintiff adds that although "while on the grounds, [she] wandered to the Iwo Jima Memorial[,] [that] changes nothing to the equation. Defendant, the landowner, did not admit her for that purpose. The Government's purpose in making Parris Island available was not recreational." (*Id.* at 3.)

At the outset, it does not appear that Defendant is arguing that attendance

at a graduation ceremony constitutes a recreational use of the premises.[5]

Attending a graduation ceremony was the purpose for which Plaintiff sought and

obtained permission to enter the premises.  *Cf. Clauss v. United States*, C/A No.:

3:08-145-JFA, 2009 WL 10678527, *2 (D.S.C. June 30, 2009) (finding that

"Plaintiffs qualify as recreational users because their presence at the park was for

a recreational purpose").  The undersigned notes that this is not one of the

recreational purposes specifically enumerated in S.C. Code § 27-3-20(d), even

though the list in § 27-3-20(d) is not exhaustive given the "includes, but is not

limited to" language.

Rather, Defendant argues that because Plaintiff was allegedly injured when

she took the opportunity to "walk the grounds and see the famous Iwo Jima

---

[5] The parties have not cited, and the Court is unaware of, any applicable South Carolina law addressing the question of whether graduation ceremonies are recreational in nature.  In fact, in 2017, the United States District Court for the District of South Carolina was presented with a case in which the plaintiff was injured while attending the graduation of her daughter from boot camp in Parris Island, but the Recreational Use Statute was not even raised as an issue.  *Bell v. United States*, No. 9:16-1225-RMG, 2017 WL 2216299 (D.S.C. May 19, 2017).  Rather, the parties in that case agreed that the plaintiff was an invitee at Parris Island when the incident occurred, and the court found, as a matter of law, that the United States cannot be held "negligent when an ambulatory invitee who does not request assistance or accommodation climbs steps located on the premises without objection."  *Id.* at *2.

Here, Plaintiff has cited a case from the Southern District of California, which found that "a boot camp graduation ceremony [was] recreational in nature and [fell] within the broad sweep of Section 846," California's recreational use immunity statute. *Pangelinan v. United States*, Case No.: 3:15-cv-01730, *4 (S.D. Cal. Apr. 11, 2016) (explaining that "Plaintiff ha[d] not presented, and the court [was] unaware of, a compelling argument as to why attending a graduation is meaningfully different than attending a picnic or an air show").  However, this case is currently on appeal to the Ninth Circuit, and, in any event, it is not binding authority.

10

monument," (Doc. 1 at 2), the Recreational Use Statute applies.  *See* S.C. Code § 27-3-20(d) (stating that "recreational purpose" includes, *inter alia*, "viewing or enjoying [a] historical [or] scenic . . . site[]").  Even assuming that "the relevant inquiry is what the plaintiff was doing at the time [she] was injured," *Sallee v. Stewart*, 827 N.W.2d 128, 151 (Iowa 2013), based on Plaintiff's allegations in the Complaint, it is not entirely clear where exactly Plaintiff was located and what she was doing at the time of her injury.  (*See* Doc. 1 at 2 ("She took the opportunity [to] walk the grounds and see the famous Iwo Jima monument, a known attraction for visitors. . . . As she was doing so, she stepped into a concrete hole on the ground.").)

"To establish immunity under a recreational use statute, the defendant . . . must prove that the circumstances under which the plaintiff was injured are within the scope of the recreational use statute."  18 Causes of Action 613, § 13 (Dec. 2018).  Some courts have held that "while a trip may have had recreational components, a nonrecreational use of land was not covered by the statute." *Sallee*, 827 N.W.2d at 145, 150-51 ("The issue is not whether horseback riding may qualify as a recreational use.  The issue is more nuanced.  Here, Sallee's injury did not occur while she was riding a horse. . . . Even assuming Sallee did ride a horse, however, her injury occurred in a barn that had no obvious relationship to the horseback riding.").  The relevant facts will likely be developed

in discovery, which is still ongoing, and, the parties have not yet presented any evidence, apart from the pleadings, in support of their positions.[6]  Interestingly, the cases on which Defendant relies were decided on summary judgment after consideration of the evidence, not at the pleading stage.

Accordingly, based on the foregoing, it is respectfully **RECOMMENDED** that the Motion (**Doc. 14**) be **DENIED** and Defendant be directed to answer the Complaint **within fourteen (14) days** of the Court's Order on this Report and Recommendation.

**DONE AND ENTERED** at Jacksonville, Florida, on January 3, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

Counsel of Record

---

[6] It is unclear whether Parris Island was open to the public at any point in time. As Plaintiff points out, it is also unclear what, if anything, was scheduled before or after the ceremony, who was admitted to the base (only select guests or the general public), and what, if any, material was distributed to the attendees.  (Doc. 16 at 4.)

12